IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DALE J. GENTRY,

                Petitioner,                OPINION AND ORDER

v.

                                                  11-cv-743-wmc

DANIEL WESTFIELD, Warden,
Oakhill Correctional Institution,

                Respondent.[1]

---

      State inmate Dale J. Gentry has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging two civil contempt orders that resulted in his temporary confinement. In particular, Gentry seeks relief from orders holding him in civil contempt for failure to pay attorney fees and for failure to pay child support. For reasons set forth below, his petition to federal court must be dismissed.

FACTS

      This case stems from contentious divorce, custody and child-support proceedings that were litigated in Taylor County Case Nos. 1995FA5 and 1999FA40. Gentry's failure to abide by court orders in those proceedings resulted in more than one remedial contempt sanction, as well as criminal charges for interfering with child custody in violation of Wis. Stat. § 948.31(3)(c). *See* Taylor County Case Nos. 2001CF16 and

---

[1] The original petition names the State of Wisconsin as the respondent. Because Gentry is in state custody at the Oakhill Correctional Institution, the court substitutes Warden Daniel Westfield as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts.

2001CF105.

Following notice and a hearing on May 9, 2001, the circuit court found that Gentry was in contempt of an order directing him to make monthly payments of $25 to reimburse Taylor County for the cost of his appointed attorney in his criminal case. (Dkt. # 1, Ex. B). Pursuant to the order of remedial contempt, Gentry was directed to serve 110 days in Taylor County Jail unless he purged his contempt by paying the remaining balance of the attorney fees owed ($950). Gentry did not pay as directed and was taken into custody, where he spent 110 days for his contempt of court. As a result of his incarceration, Gentry was reportedly let go from his employment.

On February 12, 2002, Gentry pled guilty as charged in Case No. 2001CF105 to one count of interference with child custody.[2] Gentry also agreed to plead guilty to an amended count charging him with criminal contempt of court in violation of Wis. Stat. § 785.04(2)(a). At sentencing, the circuit court imposed a two-year term of probation on his criminal contempt conviction, which was a misdemeanor. Subject to Gentry's compliance with the terms of probation, the circuit court deferred entry of judgment on the charge of interference with child custody.

Following notice and a hearing on March 6, 2002, the circuit court found that Gentry had failed to comply with orders to pay child support and seek work in yet another earlier case, Case No. 1999FA40. As a result, the circuit court entered an order of remedial contempt on April 1, 2002, ordering Gentry to serve three months in jail or

---

[2] On October 1, 2001, the charges of interfering with child custody in Case No. 2001CF16 were dismissed without prejudice. Those charges were re-filed in Case No. 2001CF105

purge his contempt by paying $2,365.71. (Dkt. # 1, Ex. H).

Finding that the circuit court's order of remedial contempt violated the express terms of his probation in Case No. 2001CF105, the circuit court also revoked Gentry's deferred judgment. On September 23, 2002, the circuit court imposed a sentence of eight years' probation for the offense of interfering with child custody. This probation was also subsequently revoked, which resulted in Gentry being sentenced to twelve years' imprisonment, consisting of initial confinement for six years followed by a six-year term of extended supervision.

Finally, after he was released from his term of initial confinement, Gentry's extended supervision was revoked. On October 15, 2008, the circuit court ordered Gentry to return to prison for a term of six years and seven days.

In March of 2010, Gentry filed motions in Case Nos. 1995FA5 and 1999FA40 to expunge all unpaid child support arrearages and other obligations. Having addressed this issue in prior proceedings, the circuit court denied that motion in a written order dated April 16, 2010. (Dkt. # 1, Ex. A). Gentry filed separate appeals in each case, which were then consolidated into one proceeding.

During his consolidated direct appeal, Gentry argued that he would not have any child support arrearages if he had not been incarcerated pursuant to the circuit court's remedial contempt order in 2001. Therefore, Gentry argued that the circuit court should be liable for the amount of unpaid child support because the order holding him in civil contempt resulted in the loss of his employment and his ability to pay. The Wisconsin

---

shortly thereafter on October 4, 2001.

Court of Appeals rejected this argument and summarily affirmed the underlying decision, noting that the circuit court was entitled to absolute immunity from a claim for monetary relief stemming from the performance of judicial acts. *See State v. Gentry*, App. Nos. 2010AP1068 and 2010AP1069 (Wis. Ct. App. Feb. 23, 2011) (Dkt. # 1, Ex. L). The Wisconsin Supreme Court agreed and summarily denied Gentry's petition for review on June 17, 2011. (Dkt. # 1, Ex. M).

Gentry remains incarcerated pursuant to the judgment entered against him in Case No. 2001CF105 for interfering with child custody. Gentry does not challenge the validity of his underlying conviction here.[3] In this petition, Gentry contends instead that in Case Nos. 1995FA5 and 1999FA40, he was improperly held in contempt of court, arrested and confined without due process for non-payment of "a debt." Although not disputing that he failed to abide by the circuit court's orders in both cases, Gentry asks this court to review these state court decisions and determine: (1) whether the circuit court failed to follow unspecified "guidelines" or procedures; (2) whether the circuit court is absolutely immune from a claim for monetary damages; and (3) whether the circuit court has unfairly punished "the victims," namely, "the petitioner and his children."

## OPINION

**I. Scope of Habeas Corpus Review**

In seeking review of two state court judgments holding him in civil contempt,

---

[3] The court has considered Gentry's challenge to his underlying conviction in Case No. 2001CF105 in a separate habeas corpus proceeding. *See Gentry v. Westfield*, Case No.

4

Gentry misjudges the scope of federal habeas corpus review. The federal habeas corpus statutes give United States district courts limited jurisdiction to entertain petitions for habeas corpus relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). Assuming that all of his allegations are true, Gentry does not meet the custody criteria for reasons explained briefly below.

The contempt orders at issue, which issued in 2001 and 2002, resulted in Gentry's confinement for terms of 110 days and three months, respectively. By his own admission, Gentry completed each term of confinement as imposed by the circuit court's contempt orders. The United States Supreme Court has held that a petitioner is not "in custody" for purposes of the federal habeas corpus statutes once his sentence has fully expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Because the sentences that Gentry seeks to challenge were discharged long ago, this Court lacks subject matter jurisdiction to determine the legality of his confinement pursuant to the contempt orders. *See id*. at 492-93. Accordingly, Gentry's petition must be dismissed for lack of jurisdiction.

## II. Failure to Exhaust

Alternatively, even assuming that Gentry's present confinement could be considered a collateral consequence of the contempt order entered in 2002, dismissal is still required. In that respect, civil contempt orders resulting in confinement are subject to habeas corpus review under 28 U.S.C. § 2254. *See Duncan v. Walker*, 533 U.S. 167,

---

11-cv-120-wmc (W.D. Wis.).

177 (2001). Relief under this statute, however, "shall not" be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State or there is an absence of effective process to protect his rights. *See* 28 U.S.C. § 2254(b).

When the contempt orders were entered in 2001 and 2002, respectively, Gentry could have, but chose not to challenge their validity by pursuing a direct appeal in state court. *E.g., Frisch v. Henrichs*, 2007 WI 102, 304 Wis. 2d 1, 736 N.W.2d 85 (addressing on direct appeal whether the circuit court had authority to impose remedial contempt sanctions); *Benn v. Benn*, 230 Wis. 2d 301, 309-12, 602 N.W.2d 65, 69-71 (Wis. App. 1999) (addressing whether the circuit court's finding of contempt was proper). Instead, Gentry waited until 2010 to challenge these contempt orders by collateral attack, when he filed his motion to expunge the amount of unpaid child support. Although Gentry filed a direct appeal from the circuit court's decision to deny *that* motion, the appellate courts considered only Gentry's frivolous request that the circuit court be held liable for the amount he owed.

To the extent that Gentry now claims that he was held in contempt without adequate due process, Gentry neither fairly presented this claim in the circuit court nor provided a meaningful opportunity to review such a claim. *See Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Thus, Gentry did not exhaust his state court remedies. Because he is likely foreclosed from doing so at this late date, Gentry's claims are now barred by the doctrine of procedural default. *See Lieberman v. Thomas*, 505 F.3d 665, 669

6

(7th Cir. 2007).[4]

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Because reasonable jurists would not debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. The petition filed by Dale J. Gentry for a writ of habeas corpus pursuant to

---

[4] The judgments at issue were entered in 2001 and 2002, respectively. Therefore, Gentry's petition also appears to be untimely and barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). Because the record does not disclose any exception, Gentry's petition is subject to dismissal for this reason as well.

28 U.S.C. § 2254 (dkt. #1) is DISMISSED for lack of jurisdiction. Alternatively, the petition is DISMISSED as unexhausted and barred by the doctrine of procedural default.

2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 30th day of January, 2014.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge